UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AARON SCURLOCK, | ) | |
| | ) | |
| Petitioner, | ) | 19 C 2174 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| DEANNA BROOKHART, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Aaron Scurlock, a state prisoner, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. The Warden seeks dismissal of the petition for failure to exhaust state remedies. Doc. 31 at 18-19. Because Scurlock's state court post-conviction proceedings remain pending, his habeas petition is dismissed without prejudice.

A Will County jury found Scurlock guilty of three counts of predatory criminal sexual assault of a child and four counts of criminal sexual assault. Doc. 1 at 1. The victim was his stepdaughter, V.W., who was between eight and sixteen years old at the time the conduct occurred. *People v. Scurlock*, 2012 IL App (3d) 100800-U, at ¶¶ 8-14 (Ill. App. Aug. 7, 2012) (reproduced at Doc. 32-4). The trial court sentenced Scurlock to forty-four years in prison. *Id*. at ¶ 22. Scurlock appealed, and the Appellate Court of Illinois affirmed. *Id*. at ¶ 35. The Supreme Court of Illinois denied Scurlock's petition for leave to appeal, *People v. Scurlock*, 982 N.E.2d 773 (Ill. 2013), and the United States Supreme Court denied his petition for writ of certiorari, *Scurlock v. Illinois*, 571 U.S. 837 (2013).

On March 31, 2014, Scurlock brought a pro se, post-conviction petition under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122–1 *et seq.* Doc. 1-1 at 39-88; Doc. 1-2 at 1-55.

1

The petition alleged, among other things, that Scurlock's trial counsel was ineffective for failing to renew his pretrial motion to suppress his recorded confession, to move to strike V.W.'s trial testimony, and to challenge V.W.'s credibility by asking the state court to take judicial notice of various facts—*e.g.*, "humans cannot see through solid objects"—that he believed would have exposed her testimony as incredible. *Ibid*. Because Scurlock indicated his desire to proceed pro se, the court discharged his public defender. Doc. 23-1 at 2.

On September 29, 2015, the State moved to dismiss the post-conviction petition. *Ibid*. Scurlock then filed a supplemental post-conviction petition raising the additional claim that the reports of his trial proceedings had been falsified. Doc. 1-3 at 17-26. A question then arose concerning Scurlock's fitness to proceed. Doc. 23-1 at 2. The court ordered a fitness evaluation and, on April 11, 2017, found Scurlock unfit to proceed. Doc. 32-20 at 28. Following periodic reevaluations, the court continued to find Scurlock unfit. Doc. 32-17 (June 7, 2017 order); Doc. 32-18 (January 30, 2018 order); Doc. 32-19 (February 1, 2019 order). On February 1, 2019, the court granted the state's motion to dismiss the post-conviction petition without prejudice to refiling upon Scurlock's fitness being restored. Doc. 23-1 at 2.

Scurlock filed the present § 2254 petition on March 28, 2019, again proceeding pro se. Doc. 1. The petition asserts several constitutional claims, many of which had been raised in the state post-conviction petition. *Ibid*.

A few months later, the State moved in state court for a finding that Scurlock had been restored to fitness. Doc. 23-1 at 4. The motion argued that Scurlock's federal habeas petition was "new evidence" showing that "he is now capable of communicating his allegations of constitutional violations" and therefore fit to proceed with his post-conviction petition. *Ibid*. (citing *People v. Johnson*, 730 N.E.2d 1107, 1115 (Ill. 2000)). The motion was presented on

September 25, 2019 and continued to December 2, 2019. Doc. 32-20 at 32. At the December 2 hearing, the motion was continued due to Scurlock's absence. *People v. Scurlock*, 2007 CF 001742 (Cir. Ct. Will Cnty., Ill.) (docket viewed on the Will County Circuit Court's website). A writ was issued on January 8, 2020, and, on February 14, 2020, the matter was continued on Scurlock's motion. *Ibid*. The trial court since has ordered the case generally continued. *Ibid*.

Given the ongoing state post-conviction proceedings, the Warden moves to dismiss Scurlock's federal habeas petition for failure to exhaust state remedies. Doc. 31 at 18-19. As a general rule, "[a] federal habeas petitioner is required under 28 U.S.C. § 2254(b) to exhaust state remedies before a federal court will consider his claims." *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995) (internal quotation marks omitted). An exception allows a petitioner to bypass the state post-conviction process if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The first circumstance does not apply, as Illinois allows its prisoners to seek post-conviction relief under the Illinois Post-Conviction Hearing Act. *See People v. Hodges*, 912 N.E.2d 1204, 1208-1210 (Ill. 2009) (describing the Act's three-tiered review process). The pertinent question, then, is whether the State's procedures are "ineffective" to protect Scurlock's rights within the meaning of § 2254(b)(1)(B)(ii).

Scurlock's principal contention is that the State has unduly delayed his post-conviction proceedings to such a degree as to render them ineffective to protect his rights. According to Scurlock, the State "abused the postconviction fitness process so as to indefinitely delay [his] postconviction proceedings" after learning that he intended to amend his post-conviction petition to assert his "false transcript" claim. Doc. 67 at 4, 7; *see also* Doc. 1 at 3; Doc. 5. Scurlock further alleges that the State's "stated intentions were to never allow [him] to be found fit" in an

3

effort to "coerce" him into abandoning that claim. Doc. 67 at 7; *see also id*. at 4 (alleging that he was "never unfit for postconviction relief proceedings").

Although Scurlock is correct that certain delays in state court collateral proceedings may allow a federal habeas petitioner under § 2254(b)(1)(B)(ii) to bypass exhaustion, the delay must be "inordinate" and "unjustifiable." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). The inquiry does not reduce to bright-line rules, but instead requires a case-sensitive approach that may entail a hearing to assess whether a lengthy delay is attributable to the State and, if so, whether it is justifiable. *See Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992). Here, however, "[t]he reason for the delay is no mystery": the state court postponed Scurlock's post-conviction proceedings because it found him unfit to proceed. *Ibid*. Scurlock casts aspersions on the State's reasons for seeking the delay, but this court need not plumb the State's motivations to take stock of the progress of his case. Scurlock's post-conviction proceedings are back under way: the State moved to find him fit, a writ was issued on January 8, 2020, and the state trial court continued the matter, once on Scurlock's own motion. *See Sceifers*, 46 F.3d at 704 (recognizing that delays caused by the petitioner cannot be attributed to the State in determining whether a state process is "ineffective" under § 2254(b)(1)(B)(ii)).

At this juncture, intervention by a federal habeas court would disserve "the interests of federal-state comity" at the heart of § 2254(b)'s exhaustion requirement. *See Malone v. Walls*, 538 F.3d 744, 756 (7th Cir. 2008) (internal quotation marks omitted); *see also Ward v. Hinsley*, 377 F.3d 719, 726 (7th Cir. 2004) (emphasizing that state courts are intended to be the front-line vindicators of constitutional rights). The State has addressed the source of the prior delay of Scurlock's state post-conviction proceedings, and that case is moving forward. *See Lane*, 957 F.2d at 365 (noting that a federal habeas petitioner's ability to get his state post-conviction

4

5

proceedings "back under way" is reason to refrain from questioning a possible delay in those proceedings because "[n]either the state judge nor the state judicial system is on trial").

Under these circumstances, the proper course is to dismiss Scurlock's § 2254 petition for failure to exhaust. As the Warden recognizes, Doc. 23 at 2 n.1, the dismissal should be without prejudice to Scurlock timely refiling his petition once the state post-conviction proceedings conclude. Scurlock also may refile his petition if he faces an inordinate and unjustified delay in the state court proceedings. Because there is a "plain procedural bar" to the § 2254 petition, the court will not issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

September 15, 2020

United States District Judge