UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON SCURLOCK, ) | |
| ) | |
| Petitioner, ) | 19 C 2174 |
| ) | |
| vs. ) | Judge Gary Feinerman |
| ) | |
| DEANNA BROOKHART, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Aaron Scurlock, a state prisoner, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. This court dismissed without prejudice the petition for failure to exhaust state remedies and declined to issue a certificate of appealability ("COA"). Docs. 80-82 (reported at 2020 WL 5530129 (N.D. Ill. Sept. 15, 2020)). The ground for the dismissal was that Scurlock's state post-conviction proceedings—which had been suspended after he was found unfit—appeared to be "moving forward" again given the State's moving the state court to find that his fitness had been restored. 2020 WL 5530129, at *2. Scurlock moves this court to reconsider its dismissal or, in the alternative, to issue a COA. Docs. 87-88.

Scurlock advances three arguments for why the court should have found the exhaustion requirement excused. None have merit.

*First*, Scurlock argues that the Warden "waived [her] right to rely on … the exhaustion requirement" because the state court's finding that he was unfit rested on fraud by the State and was contrary to law. Doc. 87 at 2-4, 7; Doc. 110 at 1-21. In support, Scurlock asserts that the Warden "admitted" that the fitness procedure initiated by the State was invented "out of whole

1

cloth," Doc. 87 at 3, in order to "cover up [his] falsified trial transcript allegations," Doc. 110 at 8-9. Doc. 87 at 6-7; Doc. 110 at 1-21 (purporting to detail the Warden's "admissions" at length).

The Warden never conceded any such fraud. Doc. 31 at 1-38; Doc. 103 at 6. Scurlock appears to believe that a habeas respondent is deemed to admit any of the petitioner's factual allegations that the respondent does not specifically deny, much like Civil Rule 8(b)(6) provides for a defendant's failure to answer allegations in a complaint. Doc. 110 at 1-21. He is mistaken. Rule 5(b) of the Rules Governing Section 2254 Cases provides only that a respondent's answer must "address the allegations in the petition" and "state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." "Neither Rule 5, nor the Advisory Notes, nor subsequent case law set out any further restrictions on the form of the answer, unlike Federal Rules of Civil Procedure 8(b) and 8(d), which require fact-by-fact responses." *Williams v. Calderon*, 52 F.3d 1465, 1483 (9th Cir. 1995); *see also Ebert v. Clarke*, 320 F. Supp. 2d 902, 904 n.4 (D. Neb. 2004) (relying on *Williams* for the proposition that a habeas respondent is not "required to admit or deny each of the petitioner's factual allegations"); *McCrary v. Lee*, 2013 WL 5937420, at *4 (E.D.N.Y. Oct. 29, 2013) ("[U]nlike [Civil] Rule 8(b)(6) … , neither [Section 2254] Rule 5, nor any other Section 2254 Rule or federal statute, provides that any allegation in a Section 2254 habeas petition that is not specifically denied or addressed by the respondent is deemed admitted.").

Scurlock's argument that the state court's fitness proceedings are unlawful finds no support in governing precedent. He contends that *Ryan v. Gonzales*, 568 U.S. 57 (2013), supports the proposition that a state court is prohibited from "stopping collateral review proceedings on incompetency grounds where [the petitioner's] claims are record-based or resolvable as a matter of law." Doc. 87 at 3; *see also* Doc. 110 at 19-21. *Ryan* stands for no

such thing; all it holds is that there is no statutory *right* to competence in *federal* habeas proceedings. *Ryan*, 568 U.S. at 60-61. The decision says nothing about competency in state post-conviction proceedings, and it certainly does not prohibit state courts from suspending proceedings involving petitioners who are adjudicated incompetent.

*Second*, citing *Jones v. Calloway*, 842 F.3d 454 (7th Cir. 2016), Scurlock attempts to evade the exhaustion bar by asserting that he is actually innocent of sexually assaulting his stepdaughter. Doc. 67-1 at 43; Doc. 87 at 4-5; Doc. 110 at 21-31. That argument fails. As an initial matter, *Jones* does not establish that actual innocence is an exception to § 2254(b)'s exhaustion requirement. The "miscarriage-of-justice exception" that *Jones* refers to is a means to excuse "procedural default"—that is, a petitioner's failure to adequately present each of his federal claims at every level of state court review. *See Jones*, 842 F.3d at 461 (citing *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995)).

In any event, Scurlock has not established actual innocence. To do so, a petitioner must point to "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and that is compelling enough to "persuade the district court that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Ibid.* (internal quotation marks and citations omitted). Scurlock's averments do not come close to satisfying that demanding burden. Doc. 87 at 5 (alleging, without support, that his confession was "police-fabricated"); Doc. 110 at 22 (asserting that no evidence of his crimes was "actually adduced at trial" and that his "trial transcript was falsified" to recount "physically impossible" allegations—for example, that the victim was "in two places at once" and had the ability to "levitate").

3

*Third*, Scurlock contends that this court erred in holding that his post-conviction proceedings remain "pending" despite acknowledging that his post-conviction petition had been dismissed. Doc. 87 at 1-2, 4; Doc. 88 at 5; Doc. 110 at 15. There is no inconsistency. As this court noted, the state post-conviction court "granted the State's motion to dismiss [Scurlock's] post-conviction petition *without prejudice to refiling* upon [his] fitness being restored." 2020 WL 5530129, at *1 (emphasis added) (citing Doc. 23-1 at 2). The state court docket shows that, in the months following the State's motion to find Scurlock fit, the state post-conviction court issued a writ of habeas corpus and has since held regular hearings on Scurlock's case, including hearings on "postconviction status." *E.g.*, Doc. 103-1 at 32 (01/08/2020 "Writ of Habeas Corpus—Order"); *id*. at 33 (07/06/20 "status on post conviction proceedings" and 10/07/20 "post conviction status"). Most notably, at an October 7, 2020 hearing, the state court continued Scurlock's case to January 7, 2021, with the direction that he "be evaluated for fitness." *Id*. at 33. And on January 7, 2021, the matter was again continued "for status on [his] post conviction petition." *People v. Scurlock*, 2007 CF 001742 (Cir. Ct. Will Cnty., Ill.) (docket viewed on the Will County Circuit Court's website). Accordingly, contrary to Scurlock's submission that his state proceedings are "moving backwards," Doc. 87 at 2, it appears that efforts are being made to advance the case.

Regardless, what matters here is whether the state court proceedings are "ineffective" to protect Scurlock's rights. 28 U.S.C. § 2254(b)(1)(B)(ii). Stressing the efforts taken thus far to get Scurlock's post-conviction proceedings back under way, this court held that the delay occasioned by the fitness determination was not so "inordinate" and "unjustifiable" as to render those proceedings ineffective. 2020 WL 5530129, at *2-3; *see Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). That reasoning will lose force if the delay persists for much longer,

4

which is why this court dismissed Scurlock's habeas petition "without prejudice," instructing him to refile "if he faces an inordinate and unjustified delay in the state court proceedings." 2020 WL 5530129, at *3. With approximately eighteen months having passed since the State moved the state court to find that Scurlock was fit to proceed, Doc. 23-1 at 4, the court now makes explicit that invitation: Scurlock is free to refile his habeas petition and reassert his § 2254(b)(1)(B)(ii) "ineffectiveness" argument in this court should the State's fitness motion remain unresolved by the end of March 2021.

Two matters remain. First, at the Warden's helpful suggestion, Doc. 103 at 5, the court modifies its prior order to state that Scurlock's petition is dismissed with leave to reinstate; this modified terminology will avoid any "risk that dismissal without prejudice would preclude [Scurlock] from timely re-filing his petition within the one-year limitations period in 28 U.S.C. § 2244(d)(1)." Doc. 23 at 2 n.1; *see Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006) (holding that a "dismiss[al] with leave to reinstate" "has the effect of a stay and does not act as a final judgment until the time specified by the court for reinstatement has expired"). Second, because Scurlock's failure to exhaust continues (at least at this juncture) to serve as a "plain procedural bar" to his § 2254 petition, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the court will not issue a COA.

January 28, 2021    _____
                    United States District Judge